No. 8802.
Orleans Appeal.

UNITED STATES FIDELITY AND GUAR-
ANTY CO. v. VILLERE & BERTUCCI,
Appellants.

(February 2, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Evidence—Par. 127, 150.**
The fact that the signature of a surety on an appeal bond is dissimilar in some respects from the signature written by him in court on a rule to test the sufficiency of the bond will not justify the conclusion that the surety did not sign the bond when he swears repeatedly that he signed it.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a suit for a premium on a bond. Judgment for plaintiffs. Defendants appealed.

Judgment in part affirmed and in part reversed.

J. Zach Spearing, attorney for plaintiff and appellee.

Woodville & Woodville, attorneys for defendant and appellant.

CLAIBORNE, J. This is a suit for a premium on a bond.

The plaintiffs allege that they issued to the defendants a bond to secure the performance of a contract for hauling in favor Hampton Reynolds for a premium of $150.00; that they issued also to the defendants a workmen's compensation policy for a premium of $217.45; that said policies provide for reasonable attorney's fees in case of suit thereon. The plaintiffs pray for judgment for $367.45 and for $100 attorney's fees.

The defendants admit both policies but aver that there was no partnership between them, and that they understood that Hampton Reynolds was to pay the premiums on both policies.

There was judgment in favor of plaintiffs and against the defendants as a partnership and as individuals and for $75.00 attorney's fees.

The defendants were absent and unrepresented. They have appealed.

In the trial court the plaintiffs and appellees filed a motion to dismiss the appeal on the ground that the surety on the appeal bond was not good and solvent.

The rule was made absolute and the appeal was dismissed. From this judgment the defendants and appellants have appealed.

In this court the plaintiffs ask for ten per cent damages for frivolous appeal.

The surety, Sidney J. Barbera, has fully qualified as sufficient in property. He owns a property in this city worth $7,000 upon which he has paid $2,000.

He owns also a property in Jefferson Parish upon which he has paid $1,500.00.

But the plaintiffs contend that the surety did not sign the bond.

The only foundation for their contention is that the signature "S. J. Barnera" on the bond differs from the one which the surety was asked to sign in court when he was examined.

While there may be differences, both handwritings are by one apparently not accustomed to write. But the surety swears he signed the bond. His positive testimony cannot be destroyed by mere suspicion, or opinions, or speculations.

Upon the merits plaintiffs' claims are proven. But there is nothing to show a partnership between them.

The only damage suffered by the plaintiffs by the appeal is the loss of interest on their claim and their attorney's fees. But the judgment allows them both; therefore they are not entitled to damages.

It is therefore ordered that the judgment dismissing the appeal be reversed and annulled.

It is further ordered that the judgment against Villere and Bertucci be reversed and annulled and that the judgment against D. G. Villere and D. T. Bertucci individually be affirmed, with cost in both courts.